IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KHALID AUSTIN MAHAMMEND,

   Plaintiff,

   v.

STATES ATTORNEY
   JASON ISAAC ALLEN,

   Defendant.

Civil Action No.: DLB-21-2265

## MEMORANDUM

On September 2, 2021, plaintiff Khalid Austin Mahammend filed a complaint against Assistant State's Attorney Jason Isaac Allen alleging he violated Mr. Mahammend's civil rights by prosecuting an ongoing criminal case against him in state court. ECF 1. He also moved to proceed in forma pauperis. ECF 2. Mahammend's motion to proceed in forma pauperis shall be granted, and the complaint shall be dismissed for the reasons stated in this memorandum.

The only named defendant is Jason Isaac Allen, the Assistant State's Attorney prosecuting a pending criminal case against Mr. Mahammend in the Circuit Court for Harford County, Maryland. *See State v. Mahammend*, Criminal Case No. C-12-CR-20-000162 (Harf. Co. Cir. Ct. 2020).[1] Mahammend asserts that he was arrested on June 7, 2019 on armed robbery charges and has been incarcerated at the Baltimore County Detention Center since his arrest.[2] Mahammend likens his pretrial detention to "serving a sentence without ever being convicted," which, in his view, violates his Fifth, Sixth, and Fourteenth Amendment rights. ECF 1, at 2–3. It is

---

[1] *See* http://casesearch.courts.state.md.us/casesearch/; Fed. R. Evid. 201(b)(2). The Clerk shall correct Mr. Allen's name from "Allen Jason Issac" to "Jason Isaac Allen" on the docket.

[2] Mahammend is awaiting trial on criminal charges filed in Harford and Baltimore Counties.

Mahammend's understanding that "a pretrial delay greater than a year and 14 days is presumptively prejudicial and is sufficiently inordinate" that the Court should determine whether his Sixth Amendment right to a speedy trial has been violated. *Id*. at 3. Mahammend states he "is well aware that he cannot sue the judge or states [sic] attorney for monetary relief," and therefore his requested relief is release from custody. *Id*. at 5. He also asks for dismissal of all pending criminal charges. *Id*. at 3.

This Court screens pretrial detainee complaints against governmental entities and their officers and employees and must dismiss any complaint that "is frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B)(i)–(ii) (requiring dismissal of claims by litigants proceeding in forma pauperis if the claims are frivolous, malicious, or fail to state a claim on which relief may be granted). A claim "is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), *superseded by statute on other grounds as noted in Quartey v. Obama*, No. PJM-15-567, 2015 WL 13660492, at *1 (D. Md. Mar. 4, 2015). In deciding whether a complaint is frivolous, "[t]he district court need not look beyond the complaint's allegations . . . . It must, however, hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." *See White v. White,* 886 F.2d 721, 722–23 (4th Cir. 1989).

Mahammend wrote his complaint on pre-printed forms for civil rights claims under 42 U.S.C. § 1983 but he seeks habeas corpus relief. To the extent that Mahammend's pleading is construed as a civil rights complaint, this Court may not grant relief that "would interfere with '(1) an ongoing state judicial proceeding, instituted prior to any substantial progress in the federal proceeding; that (2) implicates important, substantial, or vital state interests; and (3) provides an

adequate opportunity for the plaintiff to raise the federal constitutional claim advanced in the federal lawsuit.'" *United States v. South Carolina*, 720 F.3d 518, 527 (4th Cir. 2013) (quoting *Laurel Sand & Gravel, Inc. v. Wilson*, 519 F.3d 156, 165 (4th Cir. 2008)); *see also Younger v. Harris*, 401 U.S. 37, 41 (1971).  The State of Maryland charged Mr. Mahammend with armed robbery two years ago, and the criminal prosecution is ongoing.  Maryland has a vital state interest in the prosecution of state crimes and the administration of criminal trials in its courts.  Further, Mahammend is represented by counsel in the state case pending in Harford County, and he may raise the claims asserted here in that case.  This Court will not interfere with Mahammend's pending state case. *See United States v. South Carolina*, 720 F.3d at 527.

To the extent that Mahammend's pleading is construed as a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241, his claims may not proceed.  As this Court recently observed when it denied a habeas petition that Mahammend filed on August 18, 2021 against the Baltimore County Assistant State's Attorney prosecuting him in that jurisdiction:

> Pretrial federal habeas relief is available under § 2241 if the petitioner is in custody, has exhausted state court remedies, and special circumstances exist that justify intervention by a federal court. *See Dickerson v. Louisiana*, 816 F.2d 220, 224-26 (5th Cir. 1987).  The exhaustion requirement is satisfied when both the operative facts and controlling legal principles of each claim have been fairly presented to a state court. *See Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000) (citations omitted).  In the pretrial context, absent special circumstances, federal courts must abstain from exercising jurisdiction over a claim that may be resolved through a trial on the merits or by other state procedures available for review of the claim. *See Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 489–90 (1973).
>
> Special circumstances justifying this court's intervention do not exist where there are procedures in place to protect petitioner's constitutional rights. *See Moore v. DeYoung*, 515 F.2d 437, 449 (3d Cir. 1975) (assertion of appropriate defense at trial forecloses pretrial federal habeas relief); *Drayton v. Hayes*, 589 F.2d 117, 120-21 (2d Cir. 1979) (double jeopardy claim justified pretrial federal habeas intervention because constitutional right claimed would be violated if petitioner went to trial); *see also Younger v. Harris*, 401 U.S. 37 (1971).

> Mahammend has open criminal cases in Baltimore County and Harford County. In the Baltimore County cases, the Circuit Court for Baltimore County found good cause for the delay in proceedings in June 2021. *See State v. Mahammend*, Criminal Central Case No. 191580237 (Balt. Co. Cir. Ct. 2019) (June 22, 2021 entry finding good cause to go beyond Hicks). Mahammend is represented by counsel and, importantly, he has provided no indication that his claims cannot be resolved by the State courts. The State court's consideration of Mahammend's arguments regarding whether his right to a speedy trial has been abridged is not denied to him simply because the court disagrees with his position. The instant petition does not demonstrate a cognizable basis for federal pre-trial habeas relief where, as here, petitioner is represented by counsel in the State case, the case has not remained idle, and there has not been an exhaustion of State remedies. In short, extraordinary circumstances justifying this Court's intervention into State court proceedings are not present.

*Mahammend v. Stone*, No. JKB-21-2110 (D. Md. Aug. 26, 2021), ECF 4 at 2–3 (footnotes omitted).

The recently dismissed petition Mahammend filed against the Baltimore County prosecutor in *Stone* is materially the same as the complaint he filed in this case against the Harford County State's Attorney, Mr. Allen. As was the case in *Stone*, the complaint here does not demonstrate a cognizable basis for federal pretrial habeas relief. Mahammend has counsel in the Harford County case, and he has not exhausted his state remedies there. Nor has he indicated that his claims cannot be resolved by the state court. Mahammend has not identified, and the Court does not find, any extraordinary circumstances that would justify federal court intervention in the ongoing state court proceedings.

Because there is no viable basis for the claims alleged in the complaint, whether it is construed as a civil rights claim or a habeas corpus petition, it shall be dismissed by separate order.

September 29, 2021  
Date

Deborah L. Boardman  
United States District Judge